IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | CRIMINAL ACTION NO. 4:11-CR-218 |
| TOBY DUANE WOODSON, § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 30, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Lesley Brooks.

Toby Duane Woodson was sentenced on August 22, 2012, before The Honorable Marcia A. Crone of the Eastern District of Texas, after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 10 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of VI, was 51 to 63 months. Toby Duane Woodson was subsequently sentenced to 51 months imprisonment, followed by a 3 year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and a $100 special assessment fee. On January 8, 2016, Toby Duane Woodson completed his period of imprisonment and began service of the supervision term.

On December 22, 2015, the terms of supervised release were modified to include 180 days of residential reentry placement due to Mr. Woodson being homeless.

On December 14, 2017, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 33, Sealed]. The Petition asserted that Defendant violated five (5) conditions of supervision, as follows: (1) Defendant shall refrain from any unlawful use of a controlled substance, (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician, (3) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer, (4) Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; and (5) Defendant shall notify the probation officer ten days prior to any change of residence or employment.

The Petition alleges that Defendant committed the following acts: (1), (2), and (3) On December 13, 2016, Mr. Woodson provided a urine specimen which tested positive for marijuana. The defendant signed a written admission form confirming his illegal drug use. When questioned about the positive drug test, Mr. Woodson admitted to intentionally approaching a group of individuals, who were smoking marijuana on December 12, 2016, in Paris, Texas, and willingly participating in the drug use, (4) and (5) On September 25, 2017, Mr. Woodson failed to report for a scheduled office visit at the U.S. Probation Office in Plano, Texas, as previously instructed on September 21st. Mr. Woodson failed to submit a written report for the months of September, October, and November 2017. On or about September 14, 2017, Mr. Woodson quit a job with

Pave-Tek Paving, and has yet to notify the probation officer of this change in employment. Additionally, Mr. Woodson has failed to notify the U.S. Probation Officer of where he is staying, and as of this writing his whereabouts are unknown.

Prior to the Government putting on its case, Defendant entered a plea of true to all five (5) allegations of the Petition. Having considered the Petition and the plea of true to all five (5) allegations, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Texarkana, if appropriate.

**SIGNED this 9th day of May, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE